**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 09-20046-04-CM** |
| **FREDERICO RAMSEY,** ) | |
| **a.k.a. "Federico Ramsey,"** ) | |
| **a.k.a "Rico,"** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On December 16, 2010, a jury returned a verdict of guilty against defendant Frederico

Ramsey for conspiracy to distribute 100 grams or more of a mixture containing heroin in which

death and serious bodily injury occurred, distribution of heroin, and possession with the intent to

distribute heroin.  Defendant seeks a new trial on all three charges in his Motion for a New Trial

(Doc. 50).  For the following reasons, the court denies the motion.

## I.    Judgment Standards

In considering a motion for new trial, the court has broad discretion that will not be disturbed

on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455

(10th Cir. 1987).  A court may grant a new trial "if the interest of justice so requires."  Fed. R. Crim.

P. 33.  Additionally, any error which would require reversal on appeal is a sufficient basis for

granting a new trial.  *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation

and citation omitted).  The court should grant a motion for a new trial if, "after weighing the

evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the

weight of the evidence such that a miscarriage of justice may have occurred.'" *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of proving that a new trial is warranted rests on defendant. *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

## II.    Analysis

Defendant's motion raises two arguments: (1) that this court erred by failing to sever defendant's trial from the trial of his co-defendant Verdale Handy and (2) that this court erred by not granting defendant's motions for acquittal as to the charge of possession with intent to distribute heroin on January 14, 2009, Count 9.

### A.    Motion to Sever

On August 24, 2009, defendant filed a motion to sever (Doc. 110) in which he argued his trial should be severed from his co-defendants' trial because (1) he was a minor player in the conspiracy, being charged with selling fewer than 2 grams of heroin; (2) he was not charged with the substantive count of selling to a decedent; and (3) co-defendant Verdale Handy was charged with shooting Henry Nelson, a witness to the drug conspiracy.  The court denied the motion.  Because some of his co-defendants pleaded guilty and did not go to trial, defendant was tried with one co-defendant—Verdale Handy.  In his current motion, defendant argues the court should have granted his motion to sever for the reasons stated above.

"A defendant seeking to vacate a conviction based upon the denial of a motion to sever faces a steep challenge."  *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009).  Federal

courts prefer defendants who are indicted together be tried together. *Id.* (recognizing the preference

is to promote efficiency and "'avoid the inequity of inconsistent verdicts'") (quoting *United States v.

Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008)); *see also* Fed. R. Crim. P. 8(b). Additionally, there is

a presumption in a conspiracy trial that coconspirators charged together should be tried together.

*United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009). The court may, however, sever a

trial if the joinder of offenses or defendants would prejudice a defendant. Fed. R. Crim. P. 14. But a

defendant seeking severance bears the heavy burden of showing real prejudice. *Wardell*, 591 F.3d at

1299.

"'Prejudice occurs when there is a serious risk that a joint trial will compromise a specific

trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt

or innocence.'" *United States v. Stiger*, 413 F.3d 1185, 1198 (10th Cir. 2005) (quoting *United States

v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995)). Simply showing that the evidence against a co-

defendant is more damaging than the evidence against the defendant is not enough. "Neither a mere

allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint

that the 'spillover effect' from the evidence is overwhelming or more damaging against the co-

defendant than against the moving party is sufficient to warrant severance." *United States v. Hack*,

782 F.2d 862, 870–71 (10th Cir. 1986) (internal citations omitted). "Severance is not required

merely because evidence on one joined count is 'separable and distinct' from evidence on another."

*United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (internal quotations omitted).

Defendant and Mr. Handy were charged in Count 1 with conspiracy to distribute at least 100

grams of heroin, a conspiracy that resulted in death and serious bodily injury. As the court

explained at the October 12, 2010 hearing on defendant's motion to sever, the charges against

defendant and Mr. Handy stemmed from the same nucleus of facts. Defendant's individual heroin

distribution may have been for lesser amounts than other members of the conspiracy, but he was charged in the conspiracy. The evidence for the drug and conspiracy charges against defendant and Mr. Handy overlapped. And the court does not believe that the evidence regarding Mr. Handy's attempted murder charge unfairly prejudiced defendant.

Further, any potential prejudice was corrected by the jury instructions. *See, e.g., United States v. Cardall*, 885 F.2d 656 (10th Cir. 1989) ("The assumption that juries can and will follow the instructions they are given is fundamental to our system of justice."). The court instructed the jury that a separate crime was "charged against one or more of the defendants in each count" and that it had to "separately consider the evidence against each defendant on each count and return a separate verdict for each defendant." (Doc. 469, Jury Instr. 45.) The court also instructed the jury that its "verdict as to one defendant or count, whether . . . guilty or not guilty, should not influence [the] verdict as to any other defendant or counts." (*Id.*)

For the reasons discussed above, a severance was not warranted in this case.

## B. Motions for Acquittal

The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). When considering the sufficiency of the evidence, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the government and determines "whether any rational factfinder could find the essential elements of the crime beyond a reasonable doubt." *United States v. Saffold*, 915 F. Supp. 260, 262 (D. Kan. 1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Defendant argues the court erred by failing to grant his motions for acquittal on the charge of possession with intent to distribute heroin on January 14, 2009.

January 14, 2009 is the day the government executed a search warrant on 5915 Cernach.

Relying on the testimony of Henry Nelson, a government witness, defendant argues that the evidence establishes he was at the Cernach residence that day by chance. Mr. Nelson testified that he and defendant were on the way to pick up a repaired car and pay traffic fines when Mr. Nelson decided to stop at the Cernach residence to pick up money to pay for the repaired car. Mr. Nelson also testified that he, not defendant, put the heroin in the toilet in an attempt to destroy the evidence.

This rendition of the evidence fails to account for the witnesses who testified that they purchased heroin from defendant at the Cernach residence; the video from the pole cameras recording activity at the Cernach residence and the officer's identification of defendant in those videos; and the testimony regarding the day of the search warrant—defendant's location in relation to the heroin in the toilet and testimony that customers arrived at the residence to purchase heroin. The evidence presented at trial was more than sufficient for a reasonable person to find defendant guilty of possession with intent to distribute heroin on January 14, 2009. Based on the evidence presented at trial, the court properly denied defendant's motions for acquittal.

### C.     New Trial Not Required

Finally, even if error occurred here as defendant suggests, the court does not believe it casts doubt on the convictions. The court is convinced that the jury's guilty verdicts were well-supported by the weight of the evidence. There was a significant quantity of evidence in the case, including video recordings of drug deals and testimony from customers, coconspirators, and law enforcement officers, to support the verdict in this case. The interests of justice do not require that defendant be granted a new trial. The motion is denied.

**IT IS SO ORDERED**.

Dated this 11th day of March 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
