## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**FREDERICO RAMSEY,**

    **Defendant.**

**Case No. 09-CR-20046 (Criminal)**
**14-2608 (Civil)**

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Frederico Ramsey's Amended Motion Pursuant to Rule 17(b) (Doc. 908). Defendant filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255 (Doc. 784) on December 4, 2014. This court denied most of the grounds in defendant's motion, but took three grounds under advisement pending an evidentiary hearing. (Doc. 819.) This court appointed counsel for defendant and ordered a hearing to be set on three "limited" issues:

1. Whether defense counsel was contacted by Antonio Ramsey or was otherwise informed that Antonio Ramsey could have provided an alibi for the drug transactions that occurred at 5915 Cernech (Grounds 7 and B).
2. Whether Antonio Ramsey would have provided testimony at trial that defendant could not have sold heroin on the day the heroin was distributed at 5915 Cernech.
3. Whether defense counsel timely shared discovery with defendant (Grounds 8 and 9).

(*Id.*) On November 17, 2015, this court granted the Federal Public Defender's motion to withdraw as counsel and appointed Catherine A. Zigtema to represent defendant in his § 2255 evidentiary hearing. To date, no hearing has been held.

On August 22, 2018, defendant filed the present motion seeking a subpoena duces tecum under Rule 17(b) and (c) of the Federal Rules of Criminal Procedure for:

- All Recording Access logs for requests made by CCA-Leavenworth/CoreCivic for calls recorded at that facility between January 1, 2010, and July 20, 2018, (or the date

-1-

> that Securus stopped providing service to CCA-Leavenworth/CoreCivic) related to calls made by Federico Ramsey, Frederico Ramsey, Ramsey, Federico or Ramsey, Frederico.
> - All Recording Access logs for requests made by CCA-Leavenworth/CoreCivic for calls recorded at that facility between January 1, 2010, and July 20, 2018, (or the date that Securus stopped providing service to CCA-Leavenworth/CoreCivic) related to calls made to the following phone numbers (816)472-3528, (785)832-5230, (913)948-9490, (913)647-7567, (785)232 9828 and (816) 471-1060.
> - A call-detail report, in one or more of the following electronic file formats: .doc, .docx, .xls, .xlsx, .txt, or .rtf (not .pdf, .jpeg, .tiff, or .gif), of all calls made from any pod within Corrections Corporation of America's Leavenworth Detention Facility (now known as CoreCivic) between January 1, 2011 and December 31, 2016 to these numbers: (816)472-3528, (785)832-5230, (913)948-9490, (913)647-7567, (785)232 982 and (816) 471-1060.

(Doc. 908.) Defendant seeks these materials in order to investigate whether he may have a valid claim to support an amendment of his pro se § 2255 motion based on the ongoing litigation in *United States v. Black*, 16-CR-20032-JAR.

The government objected to defendant's motion, arguing the court lacks jurisdiction because the discovery requested does not pertain to issues in the § 2255 that the court has taken under advisement. The government claims that *Black* issues do not relate back to defendant's original § 2255 motion, and in order to raise any *Black* issues, defendant would have to seek authorization from the Tenth Circuit to file a second or successive § 2255 motion.

Under 28 U.S.C. § 2255, a prisoner convicted of a federal crime may move the court to vacate, set aside, or correct his sentence if it has been imposed "in violation of the Constitution or laws of the United States . . ." A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing § 2255 Proceedings, "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedures, or in accordance with the practices and principles of law."

Rule 17(c) of the Federal Rules of Criminal Procedure "is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial." *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998). As the United States Supreme Court has stated, Rule 17(c) "was not intended to provide a means of discovery for criminal cases . . . its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698–99 (1974). A party seeking a subpoena pursuant to Rule 17(c) must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002). In other words, to meet the burden, the party must show the evidence is (1) relevant; (2) admissible; and (3) specific. *Id.*

The court agrees with the government that this request is not relevant to the present motion. The court took defendant's motion under advisement on three limited issues, none of which involve the issues related to the *Black* case. Rule 17(c) is meant to provide parties a means to secure specific evidence relevant for trial, or in the present case, an evidentiary hearing for a § 2255 motion. While the evidence defendant seeks may be relevant for a challenge to the constitutionality of his sentence under § 2255, his present § 2255 motion does not address those issues.

This court ordered a hearing and appointed counsel to address three, *limited* issues. Because defendant's request for documents is not related to the issues currently under advisement, the court denies his request at the present time.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion Pursuant to Rule 17(b) (Doc. 908) is denied.

Dated September 5, 2018, at Kansas City, Kansas.

                                            s/ Carlos Murguia
                                            **CARLOS MURGUIA**
                                            **United States District Judge**