IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20046-04-JWL |
| ) | |
| FREDERICO RAMSEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 1011).[1]  For the reasons set forth below, the Court **dismisses** the motion for lack of jurisdiction.

A jury convicted defendant of four drug offenses, and in 2011, the Court sentenced defendant to a term of imprisonment of 292 months.  Defendant's sentencing guideline range was determined to be 292 to 365 months, based in part on a base offense level of 38 under USSG § 2D1.1(a), which applied because a person's death resulted from use of the substance involved in the offenses.  Defendant was sentenced to 292 months, at the low end of the range, on one count, and he was given concurrent sentences of 240 months (the statutory maximum) on the other three counts.

---

[1] On February 4, 2021, this case was reassigned to the undersigned judge.

Defendant now seeks a reduction in sentence under the Sentencing Commission's Amendment 782, as applied through Section 3582(c). Defendant argues that he is eligible for a two-point reduction in his offense level and that he should be resentenced under a guideline range of 235 to 293 months.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). Defendant relies on Amendment 782, by which the Commission lowered certain base offense levels on the guidelines' Drug Quantity Table. That Amendment does not apply here, however, as defendant's offense level was not derived from that table or based on drug quantity. Rather, defendant's offense level was determined under Section 2D1.1(a), based on a resulting death, and that section was not affected by Amendment 782. Accordingly, defendant was not sentenced based on a range that was subsequently lowered by the Sentencing Commission.

Indeed, by Order of May 27, 2015, the Court denied an identical motion by defendant for this same reason. Defendant has not addressed that order or explained how the Court's reasoning was unsound.[2]

---

[2] Defendant did not file a reply brief.

Because Section 3582 and Amendment 782 do not authorize a sentence reduction in this case, the Court lacks jurisdiction to modify defendant's sentence. The Court therefore dismisses defendant's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 1011) is hereby **dismissed** for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 13th day of April, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge