IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
          v.                       )          Case No. 09-20046-04-JWL
                                   )
FREDERICO RAMSEY,                  )
                                   )
                    Defendant.     )
                                   )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1033).[1]  For the reasons set forth below, the Court **denies** the motion.  The Court further **denies** the requests for appointment of counsel made by defendant in his compassionate release motion and in a separate motion (Doc. # 1041).

A jury convicted defendant of four drug offenses, and in 2011, the Court sentenced defendant to a term of imprisonment of 292 months.  Defendant's sentencing guideline range was determined to be 292 to 365 months, based in part on a base offense level of 38 under USSG § 2D1.1(a), which applied because a person's death resulted from use of the substance involved in the offenses.  Defendant was sentenced to 292 months, at the low

---

[1] On February 4, 2021, this case was reassigned to the undersigned judge.

end of the range, on one count, and he was given concurrent sentences of 240 months (the statutory maximum) on the other three counts.

Defendant now seeks a reduction in his sentence to time served and thus immediate release from prison.  As the basis for the motion, defendant claims that if sentenced today he would receive a lesser sentence under *Burrage v. United States*, 571 U.S. 204 (2014). In addition, in first seeking relief from his prison's warden, defendant claimed an increased risk from the ongoing COVID-19 coronavirus pandemic arising from his seizures and bipolar disorder, and the attachments to defendant's motion suggest that he bases the present motion also on the virus and his medical condition.

As a general matter, a federal court may not alter a term of imprisonment once imposed, but Section 3582(c) provides one exception to that general rule of finality.  *See United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).  That statute provides that a court, after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."  *See* 18 U.S.C. § 3582(c)(1)(A)(i).[2]  The district court determines what constitutes "extraordinary and compelling reasons."  *See McGee*, 992 F.3d at 1045.[3]

---

[2] The statute also contains an exhaustion requirement, but the Government does not dispute that defendant has satisfied that requirement in this case, as defendant filed his motion more than 30 days after he requested relief from his prison's warden. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

[3] Section 3582(c) also requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has held, however, that U.S.S.G. § 1B1.13, the existing policy statement promulgated by the Sentencing Commission concerning a sentence reduction for Continued…

The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

The Court first addresses defendant's medical basis for the motion. This Court has not granted relief under Section 3582 solely because of the pandemic, but rather it has required a defendant to show a particularized increased risk of serious harm from the virus based on his or her medical conditions. *See United States v. Draper*, 2021 WL 638022, at *2 (D. Kan. Feb. 18, 2021) (Lungstrum, J.) (noting the defendant had not made such a particularized showing). Defendant has not made such a showing, however, as his medical records indicate that his seizure disorder is in remission, with his last seizure having occurred over 20 years ago, and there is no documentation of bipolar disorder or other mental infirmity that would increase defendant's risk of harm from the virus. Moreover, defendant has already tested positive once for the virus without experiencing any symptoms. The Bureau of Prisons has taken steps to lessen the risk of exposure in its facilities, including making vaccinations available, and there is no current outbreak of the virus at defendant's prison, MCFP Springfield, which reports no active cases among the 880 inmates. Thus, defendant has not established an extraordinary and compelling reason

---

extraordinary and compelling reasons, applies by its terms only to motions filed by the Bureau of Prisons, and thus does not apply in the case of a motion filed by a defendant. *See McGee*, 992 F.3d at 1050. Accordingly, the Court has not considered Section 1B1.13 here in determining whether extraordinary and compelling reasons warrant a reduction of defendant's sentence.

for his immediate release arising from an increased risk of serious harm from COVID-19 coronavirus.

Nor has defendant established an extraordinary and compelling reason for a sentence reduction based on a disparity between his sentence and the sentence he would likely receive today for the same offenses. In convicting defendant of various drug offenses involving the distribution of heroin, the jury specifically found that the use of heroin distributed during the drug conspiracy involving defendant resulted in death or serious bodily harm, which finding resulted in the imposition of a 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) and the application of a guideline range with a low end of 292 months.

In claiming a sentencing disparity, defendant cites *Burrage*, but that case did not change the sentencing statute or guideline applied here; rather, in that case the Supreme Court held that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision . . . unless such use is a but-for cause of the death or injury." *See Burrage*, 571 U.S. at 218-19. In defendant's case, the jury found that the statutory requirement for this enhancement had been satisfied, and defendant does not seek relief from that verdict by the present motion. Defendant has not pointed to any evidence that the heroin was not an independently sufficient cause of the death of the victim of his conspiracy's drug-trafficking, and the jury's verdict was supported by expert testimony that the use of the drug caused the victim's death. Thus, there is no basis to conclude that defendant's sentence would be any different had he been tried or had his sentence been

imposed after the Supreme Court decided *Burrage*. Accordingly, defendant has not shown an extraordinary and compelling reason for relief from his sentence.[4]

The Court further concludes that the Section 3553(a) factors do not weigh in favor of a sentence reduction here. Defendant was convicted of serious drug offenses that involved the use of firearms and resulted in death. Defendant's 292-month sentence – at the low end of the applicable guideline range – was and remains appropriate in light of the seriousness of the offenses. Defendant still has many years left to serve on that sentence (his anticipated release date is in 2031), and justice would not be served by his early release. Accordingly, the Court denies defendant's motion for relief under Section 3582.

Finally, the Court in its discretion denies defendant's requests for appointment of counsel. There is no constitutional right to counsel beyond the appeal of a criminal conviction, *see Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994), and defendant has not identified a proper basis for relief that counsel could help him develop before the Court.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for appointment of counsel (Doc. # 1033) is hereby **denied**.

---

[4] In addition, although the Tenth Circuit has held that a finding of extraordinary and compelling reasons may be based in part on a sentencing disparity if other unique circumstances are present, such a disparity or sentencing change cannot, standing alone, serve as the basis for a sentence reduction under Section 3582(c)(1)(A)(i). *See McGee*, 992 F.3d at 1048.

5

IT IS FURTHER ORDERED BY THE COURT THAT defendant's separate motion for appointment of counsel (Doc. # 1041) is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of August, 2021, in Kansas City, Kansas.

_s/ John W. Lungstrum_

John W. Lungstrum
United States District Judge