IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20046-04-JWL |
| ) | |
| FREDERICO RAMSEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

By Memorandum and Order of August 5, 2021, the Court denied defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), and defendant has appealed that decision. The matter presently comes before the Court on defendant's motion to proceed on that appeal *in forma pauperis*, without payment of appellate fees (Doc. # 1046). The Court **denies** the motion without prejudice.

Defendant bases his motion on Fed. R. App. P. 24(a) and 28 U.S.C. § 1915(a). Rule 24(a) provides that a party who wishes to appeal *in forma pauperis* must file a motion for such relief in the district court. *See* Fed. R. App. P. 24(a). Section 1915(a), however, provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See* 28 U.S.C. § 1915(a)(3). Good faith in this context is demonstrated when the defendant "seeks appellate review of any issue not frivolous," under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445

(1962); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (*in forma pauperis* request on appeal requires demonstration of "the existence of a reasoned, non-frivolous argument on the law and facts in support of the issue raised on appeal") (internal quotation omitted).

In his motion, defendant states that on appeal he will raise the issue of whether this Court erred in denying him relief, including denying him relief on the basis that he recovered from the COVID-19 coronavirus and lacks current health problems, and including with respect to his arguments under U.S.S.G. § 1B1.13 and *Burrage*. Defendant has not, however, identified a possible issue on appeal that would not be frivolous. In denying defendant's motion for compassionate release, the Court concluded that defendant had not shown an extraordinary and compelling reason for relief because he had not shown a particularized elevated risk of harm from the coronavirus; and because he had not shown that he would receive a lesser sentence if sentenced today, as his conviction satisfied the holding of the Supreme Court's opinion in *Burrage*. As the Court noted in a footnote, the Tenth Circuit has held that Section 1B1.13 of the sentencing guidelines does not apply in the case of a motion filed by a defendant. *See United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021). This Court further concluded that the Section 3553(a) factors did not weigh in favor of relief, based on the seriousness of the offenses and the length of time remaining on defendant's prison term. In making such ruling, the Court considered all of defendant's arguments, and it exercised its broad discretion to deny relief on multiple grounds. Defendant has not offered any reasonable argument that the Court abused its discretion or that a different result was required by law.

Accordingly, because defendant has not identified a non-frivolous basis for appeal, the Court certifies that defendant's appeal is not taken in good faith, and defendant's motion must therefore be denied. That denial is without prejudice, however, to the filing of a new motion that identifies a non-frivolous basis for appeal.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to proceed on appeal *in forma pauperis* (Doc. # 1046) is hereby **denied** without prejudice.

IT IS SO ORDERED.

Dated this 30th day of August, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

3